IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DENNIS KOLASA, *Individually and on* )
*behalf of all others similarly situated,* )
                                          )
                                          )       Civil Action No. 17-1087
            Plaintiff,                    )       Judge Nora Barry Fischer
                                          )       Chief Magistrate Judge Maureen P. Kelly
            v.                            )
                                          )
BOS SOLUTIONS, INC.,                      )       Re: ECF No. 55
                                          )
            Defendant.                    ) ˌ

## MEMORANDUM ORDER

This case is a putative nationwide collective action filed under the Fair Labor Standards Act ("FLSA"), and a putative Rule 23 class action under the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, and the Pennsylvania Minimum Wage Act, filed by Plaintiff on behalf of all oilfield workers who worked for or on behalf of Defendant and were classified as independent contractors and paid a day rate during the three years prior to the filing of the Complaint. Plaintiff alleges that he and others similarly situated were misclassified as independent contractors under the FLSA and applicable state laws and were denied overtime compensation for hours worked in excess of 40 hours in a week. Defendant denies that it employed Plaintiff or the putative class members, as each of them was employed or retained by third party service providers who paid the workers and contracted with Defendant for services. Defendant denies that the workers were misclassified as independent contractors.

During a telephone status conference with this Court on February 2, 2018, relative to Plaintiff's Motion for Expedited Briefing and Consideration of Motion for Conditional Certification, ECF No. 47, Plaintiff's counsel requested expedited consideration of the Motion for Conditional Certification because an FLSA class member's claims are not preserved until the

class is certified and he or she files an opt-in consent form with the Court. In the context of this discussion, the Court informed counsel of the judicial shortage in the Western District of Pennsylvania and resulting docket congestion. Counsel agreed to and the Court modified the previous conditional certification briefing schedule to accelerate certain dates. The Court also suggested and counsel for the parties agreed to enter an agreement to toll the statute of limitations for the FLSA putative class members. ECF Nos. 50 and 51. The joint stipulation as to the tolling date was to be filed by February 16, 2018. Id.

It now appears that the despite agreeing to the tolling of the statute of limitations, the parties have not been able to agree to a tolling date. Plaintiff proposed an equitable tolling date of January 28, 2018, the date that Plaintiff's Motion for Conditional Certification was filed. Defendant proposed an equitable tolling date of March 15, 2018, the date of the scheduled completion of briefing relative to the Motion for Conditional Certification. As a result, Plaintiff filed a Motion for Equitable Tolling and Brief in Support. ECF Nos. 55 and 56. Defendant filed a Brief in Support of Proposed Order Regarding Equitable Tolling. ECF No. 54. As such, the issue of the date for equitable tolling is now ripe for consideration.

A claim brought under the FLSA must be "commenced within two years after the cause of action accrued … except that a cause of action arising out of willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). In order for a plaintiff to join an FLSA collective action, the individual must file his or her consent to opt-in to a class action within the statute of limitations period. Id.

"Equitable tolling" applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances. Hedges v. U.S., 404 F.3d 744 (3d Cir. 2005). Whether to equitably toll a limitations period is determined on a case by case basis

depending on the equities of the situation. Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998).

As recognized by Plaintiff in his Brief in Support, the United States Court of Appeals for the

Third Circuit has identified "three principal situations in which equitable tolling is appropriate."

Podobnik v. U.S. Postal Service, 409 F.3d 584, 591 (3d Cir. 2005). Those situations are: "(1)

where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action,

and that deception causes non-compliance with the applicable limitations provision; (2) where

the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where

the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." Id. However,

these situations are not exclusive. The Third Circuit also provides for equitable tolling of the

statute of limitations when it is "demanded by sound legal principles as well as the interests of

justice." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999).

In the instant motion, Plaintiff argues that he has diligently pursued his rights in this

action since the Complaint was filed on August 18, 2017. Moreover, on the same date that

Plaintiff filed the Motion to Conditional Certification of the class on January 29, 2018, he

highlighted the importance of preserving the rights of the putative class members by also filing

the Motion to Expedite Briefing and Consideration of the Motion for Conditional Certification.

ECF No. 56 at 2-5. Second, Plaintiff argues that misrepresentations to workers as to their

employment status as independent contractors is a deception by Defendant warranting the

equitable extension of the tolling period. Id. at 5-7. Finally, Plaintiff argues that the date of

February 20, 2018 is reasonable and Defendant will suffer no prejudice, as this tolling date will

simply prevent preclusion of claims based on a delay in discovery or the Court's caseload in

ruling on collective action certification. Id. at 7-8.

Defendant, in the Brief in Support of Proposed Order Regarding Equitable Tolling, ECF No. 54, recognizes the need for equitable tolling in light of "the Court's unavoidably congested docket" and that "it would make sense to toll." Id. at 2. As such, Defendant does not dispute that tolling is appropriate, however, Defendant argues that Plaintiff is selecting an arbitrary date that may result in a windfall to the putative class members. Id. Instead, Defendant requests that tolling begin on March 15, 2018. Id. Specifically, Defendant argues that there is not factual or procedural basis to toll prior to the time that the Court is able to consider the Motion for Conditional Certification of the class under the current briefing schedule and that courts that have toll baseded on court congestion often commence tolling on the date that all briefing is completed or well after the motion submission date. Id. at 4-6.

Having thoroughly considered the Plaintiff's Motion for Equitable Tolling and Brief in Support, ECF Nos. 55 and 56, and Defendant's Brief in Support of Tolling, ECF No. 54, it clear that the parties agree that tolling is warranted given the particular circumstances of this case. The sole issue is that date upon which the tolling commences. Following thorough review of applicable case law, we find that the equitable and appropriate time for tolling to be when the Motion for Condition Certification of the class is ripe for consideration by this Court, that is when all briefing is completed. We follow the decisions of other courts, including those cited Defendant, in Bergman v. Kindred Healthcare, Inc., 949 F. Supp.2d 852, 861 (N.D. Ill. 2013); Margulies v. Tri-Cty. Metro. Transp. Dist. of Oregon, 2013 WL 5593040, at *18 (D. Or. Oct. 10, 2013). In this case, briefing will be completed on March 15, 2018. As such, the statute of limitations for all potential opt-ins will be tolled from March 15, 2018 through the end of the notice period set by this Court.

For these reasons, Plaintiff's Motion for Equitable Tolling, ECF No. 55, is hereby GRANTED IN PART as to tolling and DENIED IN PART as to the date Plaintiff requested. The statute of limitations will be tolled as of March 15, 2018, as set forth herein.


Dated: March 7, 2018

                                        BY THE COURT:


                                        MAUREEN P. KELLY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE