# COLLECTIVE ACTION SETTLEMENT AGREEMENT

THIS COLLECTIVE ACTION SETTLEMENT AGREEMENT (hereinafter "Agreement") is entered into and effective upon its execution by all parties hereto. It is entered into by and between Dennis Kolasa ("Plaintiff"), on his own behalf and on behalf of the "Class" (as defined in Paragraph 4a below and as ultimately certified as part of the Court's approval of this settlement), on the one hand, and BOS Solutions, Inc. (referred to as "BOS" or "Defendant"), on the other hand, with reference to the recitals and provisions set forth below.

## OVERVIEW

In exchange for the terms and conditions below and subject to Court approval, the Parties reached the following FLSA settlement for Plaintiff, Opt-ins, and members of the Class:

| | |
|---|---|
| Maximum Settlement Amount: | $900,000.00 |
| Attorney Fees: | $300,000.00 |
| Costs and Expenses (capped): | $25,000.00 |
| Administration costs (capped): | $25,000.00 |
| Service Award: | $4,500.00 |

## RECITALS

A.    Plaintiff and Defendant are parties to a wage and hour dispute (the "Dispute").

B.    Plaintiff, individually and on behalf of the Class, asserts claims against Defendant for unpaid overtime in the proceeding captioned *Kolasa v. BOS Solutions, Inc.*, Civil Action No. 2:17-cv-01087-MPK, in the U.S. District Court for the Western District of Pennsylvania (the "Lawsuit").

C.    Defendant denies each and every allegation by Plaintiff, and contends that Plaintiff and Class members were not its employees under the FLSA and state laws and that it owed them no compensation of any kind.

D.    Counsel for the parties have engaged in substantial investigation of the facts and researched extensively the legal and factual issues relating to the claims and defenses alleged in the Dispute.

E.     The parties prepared for and engaged in formal settlement discussions, including mediation in Houston, Texas on September 11, 2018, and post-mediation communications and negotiations. The mediation was presided over by an experienced wage and hour law mediator, Eric Galton, Esq.

F.     The parties agree to a settlement of the Dispute because of the mutual costs and risks of prosecuting and defending misclassification lawsuits that have been or could be filed by or on behalf of Class members.

G.     Neither this Agreement, nor any document referred to or contemplated herein, nor any action taken to carry out this Agreement, is or may be construed or used in the Lawsuit or in any other action or proceeding as an admission, concession or indication by or against Defendant of any fault, wrongdoing, or liability whatsoever. If the Agreement is not approved or the Lawsuit is not dismissed for any reason, Defendant shall be free to assert any defenses to the claims raised by Plaintiff or class members, and to oppose certification of either a FLSA collective action or any Rule 23 class (or of a class under any state procedural rule). Plaintiff and class members shall not use the fact of this Agreement or any provision herein as an admission by Defendant, and shall not argue that Defendant has waived any argument, defense, or opposition to collective action or class certification or as to liability and alleged damages.

H.     It is the intention of the parties to this Agreement to settle and dispose of, fully and completely, any and all claims, demands and causes of action that could be asserted in the Lawsuit.

## **PROVISIONS**

1.     **COOPERATION BY THE PARTIES**

     The parties to this Agreement and their counsel agree to cooperate fully with each other to promptly execute all documents and take all steps necessary to effectuate the terms and conditions of this Agreement.

2.     **APPOINTMENT OF ADMINISTRATOR**

     The parties will stipulate to and seek the Court's order in the Lawsuit appointing ILYM, or another mutually acceptable neutral claims administrator, to act as the settlement administrator (the "Administrator") for purposes of this settlement.  The Administrator shall be responsible for, among other matters:

     a.     Mailing and emailing the Notice of Collective Action Settlement (as set forth in Paragraph 7a below) to members of the Class, and receiving Claim Forms.

b.      After approval of the settlement by the Court, determining the timeliness of Claim Forms (as set forth in Paragraph 7c below) and resolving any dispute by any member of the Class as to any factor or issue regarding that member's Individual Settlement Award (as defined in Paragraph 8c below). The Administrator's decision on any such issue or dispute shall be final, binding, and non-appealable.

c.      Resolving any disputes regarding membership in the Class as defined in Paragraph 4a below.

d.      Calculating and then issuing the Individual Settlement Awards, making appropriate payroll deductions, and complying with necessary reporting as set forth in Paragraph 8a and 8c below.

e.      If deemed necessary by counsel, providing a declaration to be submitted to the Court in connection with seeking approval or dismissal of the settlement.

3.      **APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL**

For purposes of the Lawsuit only, Plaintiff shall request the Court to appoint him as Representative of the Class, and to appoint Plaintiff's Counsel as "Class Counsel." Defendant shall not oppose Plaintiff' request.  In the event that this settlement does not receive approval from the Court (or if an approval or dismissal order is reversed on appeal), no party shall use the foregoing provision of this Agreement or the appointment of the Class Representatives and/or Class Counsel for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

4.      **DEFINITION OF THE CLASS**

a.      <u>Class Definition</u>

For purposes of this settlement only, the members of the "Class" are those persons identified in the class member list produced by Defendant's counsel to Class Counsel on July 20, 2018, and attached to this Agreement as Exhibit A, which consist of solids control technicians working on behalf of BOS Solutions, Inc. as independent contractors and paid a day rate at any time between March 15, 2015 and January 31, 2018.

b.      <u>Certification of the Class as a §216(b) Collective Action</u>

Solely for the purpose of implementing this Agreement and effectuating the settlement, Defendant shall not oppose a request by the Plaintiff that the Court enter an order conditionally certifying a collective action for settlement purposes under 29

U.S.C. § 216(b), appointing Plaintiff' Counsel as Class Counsel, and authorizing notice of the settlement to the Class.

5.    **CONSIDERATION BY DEFENDANT**

a.    "Maximum Settlement Amount" to be Paid by Defendant

The "Maximum Settlement Amount" that Defendant will be obligated to pay in connection with the Settlement is $900,000.00, which is inclusive of Class Counsel's fees and costs, settlement payments to Plaintiff and Settling Class Members, interest, liquidated damages, the fees and expenses charged by the Administrator which shall not exceed $25,000.00, the Settling Class Members' share of federal and/or state payroll taxes, and the service award payment described below.

1)    Under no conditions will Defendant's liability for payments in the Lawsuit exceed the Maximum Settlement Amount, other than the employer share of taxes discussed at Paragraph 5(a)(2).  At no time shall Defendant have the obligation to segregate funds comprising the Maximum Settlement Amount, and Defendant shall retain exclusive authority over, and the responsibility for those funds. All settlement payments due to Settling Class Members, and all attorneys' fees, costs, penalties, the service award, and claims administration expenses, shall be paid out of the Maximum Settlement Amount.

2)    In addition to the Maximum Settlement Amount, Defendant shall be responsible for funding all employer-paid withholding and payroll taxes and similar expenses (including state and federal income taxes, social security contributions and unemployment taxes) including FUTA and the employer's share of FICA and Medicare taxes as required by law with respect to settlement payments to Settling Class Members.  The employer-paid withholding and payroll taxes and similar expenses shall be paid by the Qualified Settlement Fund referenced below. In no event shall Defendant be considered the employer of any Settling Class Members as a result of any actions taken, or payments made, pursuant to the Settlement Agreement.  Settling Class Members will be responsible for their own tax obligations.

3)    Defendant's sole monetary obligation under this Agreement shall be the Maximum Settlement Amount and the employer-paid withholding and payroll taxes and similar expenses referred to above.

b.    Attorneys' Fees and Costs

Defendant agrees to attorneys' fees of $300,000.00, and will not object to the reimbursement of costs and expenses up to $25,000.00. The agreed attorneys' fees, plus costs and expenses as approved by the Court, shall be paid from the Maximum Settlement Amount (as provided above). Plaintiff will not seek nor accept attorney fees, costs, and expenses except as set forth in this Paragraph.  In the event that this settlement does not receive approval from the Court (or if an approval or dismissal order is reversed on appeal), no party shall use the foregoing provisions or the award of attorneys' fees, costs and expenses for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

     c.    <u>Service Award</u>

Class Counsel will file an application for approval of a service award for Plaintiff Dennis Kolasa in an amount not to exceed $4,500.00.  This award is in addition to Kolasa's Individual Settlement Award.  Defendant agrees not to object to such application. Any such service award approved by the Court shall be paid from the Maximum Settlement Amount.

**6.**    <u>**FILING OF MOTION TO CERTIFY PLAINTIFF CLASS**</u>

As part of the Motion for Approval, Plaintiff shall request the Court to certify the Class, as defined and described in Paragraph 4a above, as a § 216(b) collective action for purposes of settling the Lawsuit.  Defendant does not advocate for, but shall not oppose, the certification of the Class, for settlement purposes only.  In the event that this settlement does not receive approval from the Court (or if an approval or dismissal order is reversed on appeal), no party shall use the foregoing provision or the certification of the Class for any purpose whatsoever in the Lawsuit or in any other action or proceeding.

**7.**    <u>**NOTICE OF SETTLEMENT AND CLAIM FORM, TIME TO SUBMIT CLAIMS**</u>

     a.    <u>Notice of Settlement to Class</u>

Within 14 calendar days of approval, the Administrator will provide members of the Class via first class United States Mail, at their last known address, as well as by email (if known), the Notice of Collective Action Settlement ("Notice"), agreed upon by the parties, approved by the Court, and in substantially the same form as Exhibit B attached hereto. The Notice shall be accompanied by a "Claim Form" approved by the Court, in substantially the same form as Exhibit C attached hereto. The "Submission Date" for the Claim Form will be sixty (60) days following the Administrator's initial mailing.  Tolling of the limitations period on the claims

asserted by and on behalf of the Class members in the Lawsuit will end on the Submission Date.

> b.     Mailing of Notice Package

Before the first mailing, the Administrator will perform a National Change of Address ("NCOA") search and substitute any updated addresses. The Administrator shall perform one skip trace as to any Notice (and accompanying documents) that is returned five or more days prior to the Submission Date by the post office for an invalid address. If the skip trace identifies an updated address, a Notice Package will be mailed to the updated address within five (5) days of the Claim Administrator's receipt of such returned Notice; in no event, however, shall any Notice be mailed to an updated address after the Submission Date. The Administrator shall notify Class Counsel and Defendant's counsel of the identity of all Class members who were sent Notice as a result of a skip trace and whose Notice was again returned. The Administrator shall provide such notification within seven (7) days of its receipt of such returned Notice.

There will be one identical reminder sent thirty (30) days before the Submission Date by mail and email, to Class members who have not by then submitted a Claim Form.

> c.     Time for Submission of Claim Form

1)     To be considered timely, a Claim Form must be submitted to the Administrator and post-marked on or before the Submission Date.

2)     A member of the Class who submits a timely and properly completed Claim Form shall be a "Settlement Class Member."

3)     Claim Forms received after the Submission Date shall be accepted if Defendant approves.

4)     All members of the Class wishing to participate in the settlement, including any individuals who opted-in to this litigation prior to settlement, are required to submit Claim Forms and are considered to be "Settlement Class Members."

> d.     Defective Claim Forms

A Claim Form shall be defective if a Class member (A) fails to sign the Form as required; (B) attempts to alter the Form; or (C) fails to provide accurate

identifying information upon request.  If the Administrator receives a defective Form, the Administrator shall call the Class member within 5 days of receiving the Defective Claim Form and instruct the Class member that he or she has until the Submission Date within which to correct, complete, and/or sign the Form and return it to the Administrator via first class mail, and/or to provide the requested information to the Administrator ("Deficiency Notice").  The Administrator will send only one Deficiency Notice per Class member. If a completed Form or the requested information is not received within said time frame, the Form shall be considered defective and invalid for purposes of this settlement.  The Administrator will provide the identity of Class members who submitted defective Forms to Class Counsel and Defendant's counsel at the same time a Class member is notified that his or her Form is defective.

     e.    <u>Declaration from Claims Administrator</u>

If requested by counsel, the Administrator shall provide the parties with a declaration (the "Claims Administration Declaration") setting forth the steps taken by the Administrator to provide notice to class members, the number of undeliverable Notice Packages, the number of valid claims received from Class Members, the total amount of Individual Settlement Awards to be paid, and the Claims Administrator fees to be paid.

     f.    <u>Retention of Forms</u>

The Administrator shall maintain the completed Claim Forms throughout the administration of the settlement.

**8.**    <u>**PAYMENT TO MEMBERS OF SETTLEMENT CLASS AND CLAIMS PROCEDURE**</u>

     a.    <u>Potential Gross Individual Settlement Proceeds</u>

The "Potential Gross Individual Settlement Proceeds" shall equal the Maximum Settlement Amount minus the total of (i) Court-approved attorneys' fees and costs; (ii) Court-approved service award to Plaintiff Dennis Kolasa; and (iii) the Claims Administrator's fees and costs.

     b.    <u>Individual Settlement Awards</u>

     1)    Each Class Member's potential "Individual Settlement Award" is set forth on Exhibit D.

2)      Fifty percent (50%) of each Individual Settlement Award will be allocated as alleged unpaid wages, which will be reported to the IRS on Form W-2 from the Qualified Settlement Fund and will be net of the employee's share of all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding and the employee share of the FICA tax. Withholding will be at the 22% supplemental wage tax rate. Defendant shall fund the employer's share of all applicable employment taxes, to be paid by the Qualified Settlement Fund. The remaining fifty percent (50%) of each Individual Settlement Award will be allocated as alleged liquidated damages and interest, which will be reported to the IRS on Form 1099 from the Qualified Settlement Fund. Payment of attorneys' fees and costs shall be made without withholding and reported to the IRS on Form 1099 issued to Class Counsel. The service award to Plaintiff Kolasa shall be made without withholding and reported to the IRS on Form 1099 to Plaintiff Kolasa. The Administrator will pay out all claims submitted by Settlement Class Members, out of a Qualified Settlement Fund, on a confidential basis; issue IRS tax forms; and make appropriate reports to federal and state taxing authorities.

c.      <u>Claimed Settlement Amounts; Unclaimed Amounts</u>

The total Individual Settlement Awards claimed by Settlement Class Members shall be the "Claimed Settlement Amount." If each and every member of the Class is a Settlement Class Member, then the Claimed Settlement Amount shall equal the Potential Gross Individual Settlement Proceeds.

Any Class Member who does not become a Settlement Class Member shall not receive any Individual Settlement Award or any portion of the Claimed Settlement Amount. Any portion of the Potential Gross Individual Settlement Proceeds that is not distributed to the Class shall be retained by Defendant.

d.      <u>Tax Liability and Net Payments</u>

The Administrator shall provide each Settlement Class Member with appropriate documentation setting forth the amount of any tax or other payment withheld, and employer-side contribution made, in accordance with State and Federal tax requirements. Settlement Class Members shall be responsible for remitting to State and/or Federal taxing authorities any applicable other taxes due and shall hold Defendant and Released Parties harmless and indemnify them for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any such taxing authority which result from the Settlement Class Members' failure to remit taxes due on payments made to the Settlement Class Members pursuant to this Agreement.

e.  Payment of Settlement Funds Will Not Be Considered By Defendant As Having Any Effect on Any Employee Benefit Plan and Similar Plans

The payment to any Settling Class Member as provided for in this Agreement is not and shall not be deemed by Defendant to constitute an addition to, a modification of, or a change in any previously credited hours of service, compensation and/or wages under any (i) employee benefit plan, employment policy; or (ii) stock option plan of or sponsored by Defendant or any of its present or former parent corporations or affiliates or any jointly trusteed benefit plans. Any such payment to any Settling Class Member shall not be considered by Defendant to create or confirm an employment relationship with any Settling Class Member, or to form the basis for contributions to, benefits under, or any other entitlements under any employee benefit plan, employment policy, or stock option plan of or sponsored by Defendant. Defendant retains the right to modify and/or amend the language of its employee benefit plans, employment policies, and stock option plans, and to seek to have modified and/or amended the language of any jointly administered benefit plans, to make clear that any amounts paid as a result of this Agreement are not considered by Defendant to form or confirm an employment relationship with any Settling Class Member or considered to be compensation or wages, or payments for "hours worked," as defined by the applicable plans and policies and that no additional contributions or benefits will be provided by Defendant by reason of the settlement.

f.  Applicability of Laws Dealing with Payment of Residuals

The parties agree that this settlement is not subject to any state or federal law mandating the distribution of unpaid residuals.

g.  Funding of Settlement and Retention by Defendant of Unpaid Amounts

1)  Defendant shall fund the settlement only up to the extent necessary to cover the Individual Settlement Awards, attorneys' fees and costs, the Administrator's expenses, the service award, and the employer's share of federal and/or state payroll taxes (the "Settlement Fund Amount"); and Defendant shall retain any portion of the Maximum Settlement Amount not paid out.

2)  The Settlement Fund Amount shall be funded in installments beginning with a $100,000.00 funding payment on April 1, 2019, or, if the settlement has not been approved by that date, on the first day of the month following final approval. Thereafter, remaining installment funding payments of $100,000.00 each shall be

made on the first of each month until the settlement, including employer-side payroll taxes, has been funded in full; provided, however, that if the total amount owed by Defendant as determined by the Administrator is less than the Maximum Settlement Amount, the final installment funding payment(s) may be less than $100,000.00, in whatever amount is necessary to fund the remaining amount of the settlement amount as determined by the Administrator.

3)    The Administrator shall distribute the Individual Settlement Awards, attorney fees and costs, and the service award on a pro rata basis within 30 days of receiving the first payment by Defendant and 90 days after receiving every other payment.

4)    If at any time Defendant fails to make a payment in accordance with the installment schedule, Defendant shall have fifteen (15) days to cure default. After the cure period expires, Plaintiff may move for entry of the Agreed Consent Judgment, Exhibit E, for signature by the Court. However, Plaintiff must first give notice, in writing or email, to counsel for BOS, Mike Muskat. Within fifteen (15) days of Plaintiff's notice of intention to file the default, Defendant may cure the default.

9.    **ADMINISTRATION OF MAXIMUM SETTLEMENT AMOUNT**

The Administrator will distribute the Individual Settlement Awards from the Potential Gross Individual Settlement Proceeds in accordance with the terms and provisions of this Agreement.

No person shall have any claim against Defendant, Defendant's counsel, Plaintiff Kolasa, the Settlement Class members, Class Counsel, or the Administrator based on distributions and payments made in accordance with this Agreement.

10.    **COURT'S APPROVAL**

Plaintiff shall seek approval of this settlement by the Court for entry of an Approval Order. Defendant agrees not to oppose Plaintiff's motion for approval to the extent it is consistent with the terms of this Settlement Agreement. As part of the approval process, the Court shall be asked to approve, among other matters, the Notice, the method of providing Notice, the Claim Form, the calculation of Individual Settlement Awards, and the attorneys' fees and costs and expenses of Class Counsel. With approval, Plaintiff shall request the Court enter an Interim Approval Order that approves all terms of the Settlement and administratively closes

the case pending the filing of a Dismissal and Final Judgment as described in Paragraph 11. *See* Ex. F.

11.    **DISMISSAL AND FINAL JUDGMENT**

Following the deadline to submit Claim Forms and after funding has been completed, Class Counsel shall request the Court to enter a proposed Order of Dismissal and Final Judgment, which shall, in part:

a.    Dismiss with prejudice all claims asserted in the Lawsuit against Defendant by Settling Class Members.

b.    Adjudge that the Settling Class Members are conclusively deemed to have released Defendant and the Released Parties from all claims encompassed by the release in paragraph 14 below.

c.    Dismiss the Class Members who did not timely return a Claim Form and end tolling of the statute of limitations as of the deadline for submission of the Claim Form.

d.    The proposed Dismissal and Final Judgment is attached as Exhibit F.

12.    **PAYMENT OF SETTLEMENT PROCEEDS**

a.    <u>Settlement Fund and Timing of Payments to Settlement Class Members, Class Counsel, and Administrator</u>

The Settlement Fund Amount shall be deposited into an interest bearing escrow to be opened, administered, and controlled by the Administrator as a "Qualified Settlement Fund" under Section 468B of the Internal Revenue Code and Treasury Regulation Section 1.468B-1, 26 CFR 1.468B-1 et seq. Net payments to Settlement Class Members and the other payments comprising the Settlement Fund Amount shall be made no later than fifteen (15) business days after the Settlement Fund Amount has funded in full.

b.    <u>Method of Payment</u>

The Administrator will mail settlement checks to the Settlement Class Members. The expiration date on the settlement checks will be one hundred and eighty (180) calendar days from the date the settlement checks are issued. Any checks not cashed before the expiration date will revert to Defendant.

13.    **COSTS**

Defendant shall bear its own costs, expenses, and attorneys' fees incurred in connection with or arising out of the Dispute and Lawsuit. The Settlement Class Members' attorneys' fees and costs, if approved by the Court, shall be paid from the Maximum Settlement Amount in the manner and subject to the conditions set forth in this Agreement.

14.    **RELEASE BY ALL MEMBERS OF THE SETTLEMENT CLASS**

By negotiating their settlement checks, Settling Class Members agree to release any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, against Defendant and the Released Parties (as defined below) for alleged unpaid overtime compensation, under- or delayed payment of compensation, nonpayment of compensation, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or any other compensation or forms of relief arising under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15, the Pennsylvania Minimum Wage Act, or any other federal, state, or local law, accruing at any time prior to February 1, 2018.   In addition to the above-described claims, named Plaintiff Kolasa releases all claims of any kind against Defendant and the Released Parties, whether known or unknown, based on any acts or omissions occurring at any time prior to the Court's dismissal of the Lawsuit.

The "Released Parties" include BOS Solutions, Inc. and its current, former, and future owners, affiliates, investors, parents, subsidiaries, related entities, merged entities, predecessors, successors, divisions, joint ventures, and assigns, and each of those entities' respective past or present directors, officers, employees, partners, members, employee benefit plan administrators and fiduciaries, trustees, principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities. Specifically excluded from the "Released Parties" definition are the staffing companies that provided Class members to Defendant. Settling Class Members specifically retain the right to pursue all claims against the staffing companies.

15.    **WAIVER OF RIGHTS**

a.    The parties hereto, including the Settlement Class members, stipulate and agree that the consideration paid to Settlement Class members pursuant to this Agreement compensates them for all Released Claims against the Released Parties.

b.      By granting approval of the settlement, the Court will have concluded that the Settlement Class Members will be fairly and adequately compensated for all Released Claims against the Released Parties.

16.      **NO ADMISSION BY THE PARTIES**

Defendant and the Released Parties deny any and all claims alleged in the Dispute and Lawsuit and deny all wrongdoing whatsoever.  Defendant continues to assert, among other things, that it did not employ the Class Members. This Agreement is neither a concession nor an admission, and shall not be used against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession, or omission by Defendant or any of the Released Parties. Whether or not the settlement is finally approved, neither the settlement, nor any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

a.      construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication, or admission by any of the Released Parties of any liability, fault,  wrongdoing, omission, concession, or damage; or

b.      disclosed, referred to or offered or received in evidence against any of the Released Parties in any further proceeding in the Lawsuit, or any other civil, criminal, or administrative action or proceeding, except for purposes of settling the Lawsuit pursuant to this Agreement or as set out in paragraph 17 below.

17.      **CONFIDENTIALITY AND NON-PUBLICATION**

The Parties agree not to issue a press release concerning the Settlement.  If Counsel for the Parties, Plaintiff Kolasa , or Defendant BOS is asked by the media about the Settlement, they may reply only with a statement similar to "the matter has been resolved," but shall make no other comment; provided, however, that the Defendant may make whatever disclosures are needed to comply with its financial reporting obligations or in its financial disclosures.  The parties agree to keep the Memorandum of Understanding that was fully executed on October 15, 2018, and this Agreement, confidential unless the Court requests that either of them be filed, it is necessary for a party to move to enforce the settlement terms, or Defendant seeks contribution, indemnity, or damages against any third-party vendor.  As used in this Paragraph, "media'" shall include, without limitation, print, broadcast, television, satellite and internet media.

18.    **NULLIFICATION OF AGREEMENT**

In the event:  (i) the Court does not approve the settlement on the exact terms as provided herein; (ii) the Court does not issue a Dismissal and Final Judgment which becomes final and not subject to any appeals; or (iii) the settlement does not become final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this settlement shall be treated as void *ab initio*. In such event, the parties hereto and any funds to be awarded under this settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Agreement, and the parties shall proceed in all respects as if this Agreement had not been executed.

19.    **RETURN OF DOCUMENTS AND INFORMATION**

Plaintiff Kolasa, the Settlement Class Members, and Class Counsel agree that, after the Court issues its Dismissal and Final Judgement, Defendant may request the return or destruction of any confidential-marked documents. No later than ten (10) calendar days of the request, Class Counsel will return or certify that those documents have been destroyed. This paragraph notwithstanding, Class Counsel may retain a copy of all documents and information provided to the Administrator for the purposes of responding to Class Member inquiries. Class Counsel shall treat this information as "confidential."

20.    **REPRESENTATIONS AND WARRANTIES**

Each party to this Agreement represents and warrants that he, she or it has not heretofore assigned or transferred, or purported to assign or transfer, any of the claims released pursuant to this Agreement to any other person and that he, she, or it is fully entitled to compromise and settle same.

21.    **APPLICABLE LAW**

All questions with respect to the construction of this Agreement and the rights and liabilities of the parties hereto shall be governed by the laws of the State of Pennsylvania applicable to agreements to be wholly performed within the State of Pennsylvania. And any breach of this Agreement shall be raised with the Court presiding over this matter.

22.    **OWN COUNSEL**

Each party hereto acknowledges that he, she, or it has been represented by counsel of his, her or its own choice throughout all of the negotiations which

preceded the execution of this Agreement and in connection with the preparation and execution of this Agreement.

23.  **FURTHER ACTS AND DOCUMENTS**

The parties hereto agree to do such acts and execute all such documents necessary to effectuate the intent of this Agreement.

24.  **COUNTERPARTS**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and will be effective upon execution by all parties.  Facsimile and scanned signatures shall be deemed original signatures for all purposes.

25.  **HEADINGS**

The headings contained in this Agreement are for reference only and are not to be construed in any way as a part of the Agreement.

26.  **ENTIRE AGREEMENT**

This Agreement represents the entire agreement between the parties hereto with respect to the subject matter hereof and supersedes all prior oral and written agreements and discussions, including but not limited to the Memorandum of Understanding that was fully executed by the parties on October 15, 2018.  Each of the parties covenants that he, she, or it has not entered into this Agreement as a result of any representation, agreement, inducement, or coercion, except to the extent specifically provided herein.  Each party further covenants that the consideration recited herein is the only consideration for entering into this Agreement and that no promises or representations of another or further consideration have been made by any person.  This Agreement may be amended only by an agreement in writing duly executed by all parties hereto.

27.  **BINDING EFFECT**

This Agreement shall be binding upon and inure to the benefit of the parties hereto and to their respective heirs, assigns and successors-in-interest.

28.  **DRAFTING**

Each party hereto has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction to be made of this Agreement, the same shall not be construed against any party as drafter of this Agreement.

29.    **SEVERABILITY**

In the event any covenant or other provision herein is held to be invalid, void, or illegal, the same shall be deemed severed from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision herein. If any covenant, condition, or other provision herein is held to be invalid due to its scope or breadth, such covenant, condition; or other provision shall be deemed valid to the extent of the scope or breadth permitted by law.

30.    **INCORPORATION OF EXHIBITS**

All exhibits attached to this Agreement are hereby incorporated by reference as though set forth fully herein and are a material part of this Agreement. Any notice, order, judgment, or other exhibit that requires approval of the Court must be approved without alteration, unless otherwise agreed by the parties.

31.    **AUTHORITY**

Each party hereto warrants and represents that each of the persons or entities executing this Agreement is duly empowered and authorized to do so.

32.    **ADMINISTRATION OF SETTLEMENT AND COMPLIANCE**

The Court shall have continuing jurisdiction to resolve any dispute which may arise with regard to the terms and conditions of this Agreement as set forth herein.

33.    **NOTICE**

All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement (other than the Notice to members of the Class, as applicable) shall be in writing and shall be delivered personally, emailed, or mailed postage pre-paid by first class mail to the following persons at their addresses set forth as follows:

To the Plaintiff and class members:

Andrew Dunlap
Josephson Dunlap Law Firm
11 Greenway Plaza, Suite 3050
Houston, TX 77046
adunlap@mybackwages.com

Richard J. (Rex) Burch
Bruckner Burch, PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
rburch@brucknerburch.com

To the Defendant:

Michael J. Muskat
Muskat, Mahony & Devine, LLP
1201 Louisiana St., Ste. 850
Houston, TX 77002
mmuskat@m2dlaw.com

[signature page follows]

Plaintiff, on his own behalf and on behalf of the Class Members, Class Counsel, and Defendant, by its duly authorized agent, have executed this Agreement as of the dates set forth below.

Dennis Kolasa (Dec 19, 2018)

_____          Dec 19, 2018
Dennis Kolasa                                       _____
                                                         Date


_____          _____
On behalf of BOS Solutions, Inc.                Date

18

Plaintiff, on his own behalf and on behalf of the Class Members, Class Counsel, and Defendant, by its duly authorized agent, have executed this Agreement as of the dates set forth below.


_____                    _____
Dennis Kolasa                                       Date


_____                    ___1/2/2019_____
On behalf of BOS Solutions, Inc.                    Date


18

EXHIBIT    A

CONFIDENTIAL - COVERED BY PROTECTIVE ORDER

| Last name | First name |
|---|---|
| Adams | Zach |
| Aguour | Houcine |
| Aikens | Jon |
| Aikens | Tim |
| Allmon | Mike |
| Altimore | Kraig |
| Aluka | Ken |
| Anthony | Kyle |
| Ardoin | Wade |
| Austin | Sean |
| Baker | Matt |
| Baker | Coby |
| Ball | Ryan |
| Bamburg | Jason |
| Barfield | Chad |
| Barrington | Stephen |
| Barton | Donald |
| Basden | James |
| Bellow | Ryan |
| Benoit | Mickey |
| Berryman | Chris |
| Bertrand | Morgan |
| Bickel | Andrew |
| Bicknell | Cory |
| Billeaudeaux | Michael |
| Binley | Kent |
| Blackwood | Michael |
| Borrego | Richard |
| Bounds | Eric |
| Bourque | Christopher |
| Brady | Charles |
| Brewer | Corey |
| Brousard | Eugene |
| Broussard | Cody |
| Brown | Cameron |
| Brown II | Floyd |
| Brubaker | Tyler |
| Bundy | Thomas |
| Carman | Steve |
| Carnley | Michael |
| Carr | David |
| Castillo | Joaquin |

CONFIDENTIAL - COVERED BY PROTECTIVE ORDER

| | |
|---|---|
| Cerda | Daniel |
| Chaisson | Jeremy |
| Christy | Tonie |
| Clark | Joseph |
| Clark | Jonathan |
| Clayton | Jason |
| Coats | Wayne |
| Cohick | William |
| Cole | James |
| Cooper | Warren |
| Corbell | Steven |
| Coto | Jorge |
| Cramer | Casey |
| Croisant | Michael |
| David | Elliot |
| Dawson | Richard |
| Deal | Clay |
| Deen | Mitchell |
| Doll | Curtis |
| Domingue Jr | Robert |
| Doucet | Darcy |
| Driskell | Troy |
| Dunker | Harold |
| Easton | Jeff |
| Eck | Nathan |
| Eck | Jordan |
| Eguade | Brian |
| Elerick | Wilbur |
| Ellington | Jeremy |
| Enos | Nathan |
| Ethridge | Sean |
| Farmer | Chris |
| Ferguson | Charles |
| Fernandez | Eddy |
| Fink | Brandon |
| Fontenot | Carol |
| Franklin | Anthony |
| Gallardo | Gerardo |
| Garcia | Blake |
| Gary | Collin |
| Haastrup | Adedamola |
| Hamilton | Dakota |
| Harbert | Kyle |

CONFIDENTIAL - COVERED BY PROTECTIVE ORDER

| | |
|---|---|
| Harned | Mark |
| Harned | Joshua |
| Harrington | Alex |
| Harrison | Matthew |
| Hawken | Steven |
| Hawkins | Christopher |
| Hayden | Chad |
| Hayden | Lucas |
| Hayden | Arthur |
| Hebert | Norman |
| Hendrix | Dylan |
| Herghelegiu | Marcus |
| Hodges | Brandon |
| Holland | Martin |
| Hollie | Aaron |
| Horne | Michael |
| Howell | Darrill |
| Huichapa | Manuel |
| Humphrey | Jason |
| Huston | Brian |
| Jaime | Gabriel |
| Jarrel | Jason |
| Jimenez | Christopher |
| Johnson | Curtis |
| Johnson | Daniel |
| Jones | Norman R. |
| Jones | James |
| Kamats | Brandon |
| Keck | Greg |
| Kephart | Dan |
| Kirkland | Timothy |
| Klumpp | Corey |
| Kolasa | Dennis |
| Lane | Brian |
| Langworthy | Vince |
| Lannager | Brad |
| Larsen | Chris |
| LeBlanc | Kyle |
| LeDoux | Randall |
| Legitt | Chris |
| Legros | Tyler |
| Lewis | Eric |
| Licon | Cody |

CONFIDENTIAL - COVERED BY PROTECTIVE ORDER

| | |
|---|---|
| Lindsey | Cory |
| Looney | Jacob |
| Looney | Andrew |
| Lormand | Chris |
| Luthe | John |
| Lynn | Kyle |
| Madison | Emmanuel |
| Martinez | Andre |
| Max | Kevin |
| Mayo | Stephen |
| McCollum | Chris |
| McCormick | Charles |
| McGrath | Nicholas |
| Mclain | Bryant |
| Meyer | Chad |
| Mitchell | Dennis |
| Monroe | Robert |
| Moon | Larry |
| Moore | Larry |
| Morales | Tito |
| Moreno | Juan |
| Mosley | Matthew |
| Moss | Jason |
| Muffler | Jordan |
| Nava | Pedro |
| Navarre | Kenneth |
| Nellessen | Matthew |
| Nichols | Matt |
| Nicodemus | Randy |
| Nordyke | Stephen |
| Oljaca | Goran |
| Openbrier | Nick |
| Ortega | Michael |
| Outlaw | Brian |
| Peebles | Marty |
| Perlman | Justin |
| Perry | Sheldon |
| Ponath | Brandon |
| Pool | Andrew |
| Power | Larry |
| Presley | Joe |
| Quiroz | Benjamin |
| Quiroz | Alfredo |

CONFIDENTIAL - COVERED BY PROTECTIVE ORDER

| | |
|---|---|
| Randell | Bobby |
| Rhodes | Dustin |
| Rich | Brad |
| Richard | Thomas |
| Roberts | Anthony |
| Robertson | Robert |
| Rodkey | Josh |
| Rodriguez | Leroy |
| Rodriguez | Alex |
| Rodriguez | Michael |
| Rodriquez | Robert |
| Roebuck | Dwayne |
| Roinestad | Thomas |
| Romero | Russell |
| Romero | Curth |
| Rouse | Justin |
| Roy | Justin |
| Ruberto | David |
| Ruffolo | Paul |
| Russell | Stephen |
| Sadler | Joe |
| Sanchez | Joshua |
| Sanchez | Jason |
| Sandoval | Javier |
| Sanford | Allen |
| Savage | Ian |
| Saxton | Roy |
| Scarry | David |
| Schamus | Michael |
| Sellers | Ryan |
| Shaunfield | Mark |
| Shaw | James |
| Sherman | Charles |
| Shull | John |
| Simmons | Don |
| Sinegal | Terry |
| Singleton | Russell |
| Slater | Bradley |
| Smith | Rodney |
| Smith | Peyton |
| Smith | Skyler |
| Smith | Jimmy |
| Smith | Brandon |

CONFIDENTIAL - COVERED BY PROTECTIVE ORDER

| | |
|---|---|
| Snay | Don |
| Snedeker | Dylan |
| Snyder | Rick |
| Spindler | Rick |
| Springer | Chris |
| Stanton | Daniel |
| Stinger | Colt |
| Stroder | Ryan |
| Sutton | Tim |
| Sweet | Calvin |
| Symes | Brock |
| Tarter | Darryl |
| Terebieniec | Lee |
| Thomason | Robert |
| Trahan | Adam |
| Travers | Hunter |
| Tymchyshyn | Brenton |
| Udell | Shawn |
| Vargo | Seth |
| Vercammen | Chad |
| Vercammen | Ray |
| Vercammen | Ryan |
| Villenueva | Chris |
| Villenueva | josh |
| Villers | Mark |
| Watson | Mark |
| Weeks | Hagan |
| Westbrook | Wesley |
| White | Paul |
| Wiggins, Jr. | Dennis |
| Williams | Steven |
| Williams | Robert |
| Windley | Farid |
| Wiseman | Jeremy |
| Woloszyn | Shawn |
| Woodring | Kyle |
| Wright | Paul |
| Wright | Daniel |
| Yates | Randy |
| Ziriax | Robert |

# EXHIBIT   B

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **DENNIS KOLASA, individually and for others similarly situated,** | **CASE NO. 2:17-cv-01087-MPK** |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | **COLLECTIVE ACTION** |
| **BOS SOLUTIONS, INC.,** | |
| **Defendant.** | |

## NOTICE OF COLLECTIVE ACTION SETTLEMENT

TO:    [Class Member Name]
       [Address]

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice because you already joined this lawsuit as an Opt-In Plaintiff, or because records show that you are a current or former solids control technician working on behalf of Defendant BOS Solutions, Inc. ("BOS") as an independent contractor and paid a day rate at any time between March 15, 2015 and January 31, 2018. **You are entitled to receive money from a Settlement in this case, as described below, in the sum of approximately [Settlement Share].**

**You must submit the attached claim form within the 60 day period to receive your share of the Settlement.**

All questions or inquiries regarding this Notice and the Settlement should be directed to Class Counsel, Andrew W. Dunlap, at Josephson Dunlap Law Firm, 11 Greenway Plaza, Suite 3050, Houston Texas 77046 and Bruckner Burch, P.L.L.C., 8 Greenway Plaza, Suite 1500, Houston, Texas 77046, Telephone: (713) 352-1100, Email: info@mybackwages.com

**Return the claim form by [Claim Deadline]**
**Attn: BOS Overtime Settlement**
**[TPA]**
**Telephone Number: _____**
**Fax Number: _____**
**Email Address: _____**

1

| 1. | Why Should You Read This Notice? |
|---|---|

This Notice explains your right to share in the monetary proceeds of this Settlement or exclude yourself from the Settlement. The United States District Court for the Western District of Pennsylvania has approved the Settlement as fair and reasonable.

| 2. | What Is This Case About? Description of the Action. |
|---|---|

Plaintiff alleges that certain workers who performed work for BOS as solids control technicians were improperly classified as independent contractors when their true employment relationship with BOS was that of an employee. As a result, Plaintiff claimed that he should have been paid as an employee –hourly with overtime. Plaintiff and the solids control technicians receiving this Notice were only paid a day rate, without additional pay for overtime. Therefore, Plaintiff alleges BOS improperly paid him and other solids control consultants under the Fair Labor Standards Act and owe back wages, liquidated damages, attorney fees, and costs.

BOS denied and continues to deny that Plaintiff or the other solids control technicians were its employees and denies that it had an obligation to pay overtime to them. However, BOS has settled this lawsuit to resolve disputed claims without the burden and expense of additional litigation. On _____ __, 2018, the Court approved the Settlement as fair and reasonable and authorized that this Notice be sent to you.

| 3. | How Much Can I Expect To Receive? |
|---|---|

BOS has agreed to pay $900,000.00 to settle this Lawsuit. Deductions from this amount will be made for attorneys' fees for Class Counsel in the amount of $300,000.00, expenses and settlement administration costs that are estimated not to exceed $50,000.00, and a service award in the amount of $4,500.00 to the Plaintiff for his service to the Settlement Class. After deductions of these amounts, what remains of the Settlement (the "Net Settlement Amount") will be available to pay monetary Settlement Awards to all Settlement Class Members who file Claim Forms within the designated 60-day period ("Eligible Class Members").

You share of the settlement has been calculated to be approximately [insert settlement share].

All Settlement Class Members will receive a *pro rata* share of the Net Settlement Amount based on the actual days worked and pay received beginning March 15, 2015 and ending January 31, 2018.

The Settlement Administrator will deduct applicable employee payroll taxes and withholdings from the Settlement Awards as set forth in the Settlement Agreement.

To receive your settlement share, all you need to do is return the claim form attached to this Notice within 60 days.

If you do nothing, you will not be included in the settlement and your claims against BOS will be preserved.

In exchange for cashing your check and obtaining your Settlement Award, each Eligible Class Member has agreed to the following release of claims:

any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, against Defendant and the Released Parties (as defined in the Settlement Agreement) for alleged unpaid overtime compensation, under- or delayed payment of compensation, nonpayment of compensation, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or any other compensation or forms of relief arising under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15, the Pennsylvania Minimum Wage Act, or any other federal, state, or local law, accruing at any time prior to February 1, 2018.

**It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your monetary Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.**

| 4. | What Are My Rights? |
|---|---|

- Join the settlement: Complete and return the claim form to receive your settlement share and release BOS from certain wage related claims.

- Not Participate in the settlement and preserve your rights to sue BOS: Do not return the claim form.

| 5. | Can Anyone Retaliate Against Me for Participating in this Lawsuit? |
|---|---|

No. Your decision as to whether or not to participate in this Settlement will in no way affect your work for BOS or any staffing company, whether you are a current or future employee.

| 6. | Who Are the Attorneys Representing Plaintiffs and the Settlement Class? |
|---|---|

Plaintiffs and the Settlement Class are represented by the following attorneys acting as Class Counsel:

|  |  |
|---|---|
| Andrew W. Dunlap | Rex Burch |
| Josephson Dunlap Law Firm | Bruckner Burch, P.L.L.C. |
| 11 Greenway Plaza | 8 Greenway Plaza |
| Suite 3050 | Suite 1500 |
| Houston Texas 77046 | Houston, Texas 77046 |
| Phone: 1-888-992-2990 | Phone: 713-877-8788 |
| Email: Info@mybackwages.com | Email: frontdesk@brucknerburch.com |

| 7. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

You do not have to pay the attorneys who represent the Settlement Class. The Settlement Agreement provides that Class Counsel will receive attorneys' fees of one-third (1/3) of the gross settlement amount plus their out-of-pocket costs.

| 8. | Additional Information |
|---|---|

**IF YOU NEED MORE INFORMATION OR HAVE ANY QUESTIONS**, you may contact Class Counsel as listed above or the Settlement Administrator at the toll-free telephone number listed or by email listed below. Please refer to the BOS Settlement.

Attn: BOS Overtime Settlement
[TPA]
Telephone Number: _____
Fax Number: _____
Email Address: _____

This Notice only summarizes the Lawsuit, the Settlement and related matters. For more information, you may inspect the Court files at the Office of the Clerk, United States District Court located 700 Grant Street, Pittsburgh, PA 15219, from 8:30 a.m. to 4:30 p.m., Monday through Friday.

**THIS SETTLEMENT NOTICE IS AUTHORIZED BY UNITED STATES DISTRICT COURT CHIEF MAGISTRATE JUDGE MAUREEN KELLY. DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

EXHIBIT   C

## CLAIM AND OPT-IN CONSENT FORM

*Kolasa et al. v. BOS Solutions, Inc.*, Civil Action No. 2:17-cv-01087 (W.D. Pa.)

**COMPLETE AND MAIL THIS FORM TO:**
[include Claim Administrator info]

**TO PARTICIPATE IN THIS SETTLEMENT, PLEASE SIGN AND RETURN THIS CLAIM AND OPT-IN CONSENT FORM BY _____, 2019.**

| Name (please print): | Address: |
|---|---|
| Email: | Phone No.: |

If your address changes, you must send the Settlement Administrator your new address.  It is your responsibility to keep your address on file and up-to-date with the Settlement Administrator so that you can be sure to receive your monetary settlement award.

\* \* \*

I hereby consent and agree to join this lawsuit and receive my settlement share. I understand that upon negotiation of a  settlement check, I consent to be bound by the collective action settlement.

I further acknowledge that by negotiating a settlement check, I agree to the release and waiver of Released Claims as explained and defined in the Notice of Collective Action Settlement.

Date:_____

_____
Signature

EXHIBIT   D

| Last name | First name | Settlement Amount |
|---|---|---|
| Adams | Zach | 1,683.13 |
| Aguour | Houcine | 1,867.71 |
| Aikens | Jon | 1,210.31 |
| Aikens | Tim | 161.09 |
| Allmon | Mike | 5,030.56 |
| Altimore | Kraig | 501.80 |
| Aluka | Ken | 838.24 |
| Anthony | Kyle | 798.32 |
| Ardoin | Wade | 461.89 |
| Austin | Sean | 595.89 |
| Baker | Matt | 855.35 |
| Baker | Coby | 1,436.96 |
| Ball | Ryan | 4,708.05 |
| Bamburg | Jason | 889.11 |
| Barfield | Chad | 1,329.05 |
| Barrington | Stephen | 4,856.94 |
| Barton | Donald | 3,550.99 |
| Basden | James | 4,855.11 |
| Bellow | Ryan | 2,805.43 |
| Benoit | Mickey | 4,416.30 |
| Berryman | Chris | 1,299.60 |
| Bertrand | Morgan | 1,523.16 |
| Bickel | Andrew | 4,326.22 |
| Bicknell | Cory | 504.08 |
| Billeaudeaux | Michael | 2,052.83 |
| Binley | Kent | 334.28 |
| Blackwood | Michael | 1,622.92 |
| Borrego | Richard | 725.14 |
| Bounds | Eric | 142.56 |
| Bourque | Christopher | 1,808.28 |
| Brady | Charles | 2,091.48 |
| Brewer | Corey | 313.63 |
| Brousard | Eugene | 703.01 |
| Broussard | Cody | 650.06 |
| Brown | Cameron | 2,438.18 |
| Brown II | Floyd | 2,226.75 |
| Brubaker | Tyler | 320.35 |
| Bundy | Thomas | 1,149.13 |
| Carman | Steve | 3,257.73 |
| Carnley | Michael | 2,949.09 |

| Last name | First name | Settlement Amount |
|---|---|---|
| Carr | David | 1,445.54 |
| Castillo | Joaquin | 6,800.98 |
| Cerda | Daniel | 1,237.02 |
| Chaisson | Jeremy | 250.90 |
| Christy | Tonie | 3,289.63 |
| Clark | Joseph | 1,557.59 |
| Clark | Jonathan | 2,414.93 |
| Clayton | Jason | 1,571.49 |
| Coats | Wayne | 296.52 |
| Cohick | William | 148.26 |
| Cole | James | 1,368.55 |
| Cooper | Warren | 2,815.80 |
| Corbell | Steven | 1,083.44 |
| Coto | Jorge | 937.22 |
| Cramer | Casey | 1,239.44 |
| Croisant | Michael | 1,964.67 |
| David | Elliot | 1,215.41 |
| Dawson | Richard | 2,174.48 |
| Deal | Clay | 7,211.00 |
| Deen | Mitchell | 28.51 |
| Doll | Curtis | 2,931.64 |
| Domingue Jr | Robert | 1,411.32 |
| Doucet | Darcy | 1,270.19 |
| Driskell | Troy | 2,095.60 |
| Dunker | Harold | 430.32 |
| Easton | Jeff | 5,817.01 |
| Eck | Nathan | 6,017.52 |
| Eck | Jordan | 841.09 |
| Eguade | Brian | 2,156.06 |
| Elerick | Wilbur | 2,946.67 |
| Ellington | Jeremy | 1,360.03 |
| Enos | Nathan | 2,075.31 |
| Ethridge | Sean | 2,040.00 |
| Farmer | Chris | 2,204.80 |
| Ferguson | Charles | 1,278.25 |
| Fernandez | Eddy | 2,112.71 |
| Fink | Brandon | 5,936.30 |
| Fontenot | Carol | 1,793.78 |
| Franklin | Anthony | 6,070.01 |
| Gallardo | Gerardo | 1,432.91 |

| Last name | First name | Settlement Amount |
|---|---|---:|
| Garcia | Blake | 1,289.86 |
| Gary | Collin | 136.86 |
| Haastrup | Adedamola | 31.36 |
| Hamilton | Dakota | 219.02 |
| Harbert | Kyle | 1,201.76 |
| Harned | Mark | 1,002.68 |
| Harned | Joshua | 1,742.39 |
| Harrington | Alex | 37.07 |
| Harrison | Matthew | 2,313.22 |
| Hawken | Steven | 31.36 |
| Hawkins | Christopher | 3,364.19 |
| Hayden | Chad | 5,446.57 |
| Hayden | Lucas | 68.43 |
| Hayden | Arthur | 1,150.11 |
| Hebert | Norman | 887.08 |
| Hendrix | Dylan | 2,925.61 |
| Herghelegiu | Marcus | 484.70 |
| Hodges | Brandon | 2,196.28 |
| Holland | Martin | 172.49 |
| Hollie | Aaron | 3,633.23 |
| Horne | Michael | 881.17 |
| Howell | Darrill | 481.85 |
| Huichapa | Manuel | 184.60 |
| Humphrey | Jason | 3,563.26 |
| Huston | Brian | 2,594.55 |
| Jaime | Gabriel | 3,648.03 |
| Jarrel | Jason | 1,303.18 |
| Jimenez | Christopher | 376.35 |
| Johnson | Curtis | 555.98 |
| Johnson | Daniel | 903.78 |
| Jones | Norman R. | 3,036.78 |
| Jones | James | 498.95 |
| Kamats | Brandon | 4,834.56 |
| Keck | Greg | 1,873.21 |
| Kephart | Dan | 444.78 |
| Kirkland | Timothy | 2,178.88 |
| Klumpp | Corey | 1,207.91 |
| Kolasa | Dennis | 2,239.54 |
| Lane | Brian | 2,907.36 |
| Langworthy | Vince | 2,785.81 |

| Last name | First name | Settlement Amount |
|---|---|---|
| Lannager | Brad | 655.94 |
| Larsen | Chris | 37.07 |
| LeBlanc | Kyle | 5,970.48 |
| LeDoux | Randall | 313.63 |
| Legitt | Chris | 1,130.48 |
| Legros | Tyler | 5,475.06 |
| Lewis | Eric | 2,131.16 |
| Licon | Cody | 5,250.57 |
| Lindsey | Cory | 4,093.77 |
| Looney | Jacob | 3,701.95 |
| Looney | Andrew | 4,651.90 |
| Lormand | Chris | 3,347.94 |
| Luthe | John | 3,671.86 |
| Lynn | Kyle | 3,747.10 |
| Madison | Emmanuel | 319.47 |
| Martinez | Andre | 6,021.64 |
| Max | Kevin | 432.34 |
| Mayo | Stephen | 2,634.58 |
| McCollum | Chris | 3,012.33 |
| McCormick | Charles | 3,998.51 |
| McGrath | Nicholas | 1,781.97 |
| Mclain | Bryant | 1,167.55 |
| Meyer | Chad | 1,556.73 |
| Mitchell | Dennis | 591.41 |
| Monroe | Robert | 2,523.27 |
| Moon | Larry | 4,173.31 |
| Moore | Larry | 2,464.82 |
| Morales | Tito | 2,669.34 |
| Moreno | Juan | 7,078.86 |
| Mosley | Matthew | 1,022.68 |
| Moss | Jason | 2,844.90 |
| Muffler | Jordan | 1,556.73 |
| Nava | Pedro | 5,688.85 |
| Navarre | Kenneth | 2,720.43 |
| Nellessen | Matthew | 31.36 |
| Nichols | Matt | 1,114.19 |
| Nicodemus | Randy | 166.22 |
| Nordyke | Stephen | 6,482.49 |
| Oljaca | Goran | 68.43 |
| Openbrier | Nick | 203.86 |

| Last name | First name | Settlement Amount |
|---|---|---|
| Ortega | Michael | 3,075.46 |
| Outlaw | Brian | 715.64 |
| Peebles | Marty | 6,374.88 |
| Perlman | Justin | 6,904.04 |
| Perry | Sheldon | 2,908.18 |
| Ponath | Brandon | 2,007.21 |
| Pool | Andrew | 421.97 |
| Power | Larry | 1,967.30 |
| Presley | Joe | 2,094.17 |
| Quiroz | Benjamin | 1,311.41 |
| Quiroz | Alfredo | 1,896.10 |
| Randell | Bobby | 1,605.48 |
| Rhodes | Dustin | 1,133.83 |
| Rich | Brad | 2,365.76 |
| Richard | Thomas | 78.41 |
| Roberts | Anthony | 3,185.58 |
| Robertson | Robert | 1,447.25 |
| Rodkey | Josh | 2,018.87 |
| Rodriguez | Leroy | 4,060.44 |
| Rodriguez | Alex | 1,569.10 |
| Rodriguez | Michael | 1,759.64 |
| Rodriquez | Robert | 281.31 |
| Roebuck | Dwayne | 3,202.48 |
| Roinestad | Thomas | 1,159.20 |
| Romero | Russell | 485.84 |
| Romero | Curth | 1,981.55 |
| Rouse | Justin | 4,286.47 |
| Roy | Justin | 1,692.57 |
| Ruberto | David | 6,261.99 |
| Ruffolo | Paul | 860.43 |
| Russell | Stephen | 5,875.05 |
| Sadler | Joe | 296.52 |
| Sanchez | Joshua | 1,585.00 |
| Sanchez | Jason | 2,938.52 |
| Sandoval | Javier | 5,625.03 |
| Sanford | Allen | 2,503.31 |
| Savage | Ian | 1,446.68 |
| Saxton | Roy | 3,225.67 |
| Scarry | David | 1,132.07 |
| Schamus | Michael | 4,552.32 |

| Last name | First name | Settlement Amount |
|---|---|---|
| Sellers | Ryan | 3,969.21 |
| Shaunfield | Mark | 630.26 |
| Shaw | James | 2,960.24 |
| Sherman | Charles | 1,297.28 |
| Shull | John | 99.79 |
| Simmons | Don | 1,522.92 |
| Sinegal | Terry | 31.36 |
| Singleton | Russell | 816.86 |
| Slater | Bradley | 2,394.20 |
| Smith | Rodney | 222.39 |
| Smith | Peyton | 804.03 |
| Smith | Skyler | 871.54 |
| Smith | Jimmy | 4,135.60 |
| Smith | Brandon | 1,404.03 |
| Snay | Don | 1,862.12 |
| Snedeker | Dylan | 4,250.00 |
| Snyder | Rick | 5,187.22 |
| Spindler | Rick | 3,992.68 |
| Springer | Chris | 1,208.69 |
| Stanton | Daniel | 1,488.30 |
| Stinger | Colt | 2,232.57 |
| Stroder | Ryan | 2,188.10 |
| Sutton | Tim | 5,677.16 |
| Sweet | Calvin | 1,756.79 |
| Symes | Brock | 172.49 |
| Tarter | Darryl | 456.18 |
| Terebieniec | Lee | 479.87 |
| Thomason | Robert | 470.44 |
| Trahan | Adam | 769.00 |
| Travers | Hunter | 1,151.87 |
| Tymchyshyn | Brenton | 2,223.12 |
| Udell | Shawn | 1,625.16 |
| Vargo | Seth | 34.21 |
| Vercammen | Chad | 130.01 |
| Vercammen | Ray | 2,550.60 |
| Vercammen | Ryan | 475.82 |
| Villenueva | Chris | 567.38 |
| Villenueva | josh | 771.24 |
| Villers | Mark | 7,548.43 |
| Watson | Mark | 3,445.91 |

| Last name | First name | Settlement Amount |
|---|---|---|
| Weeks | Hagan | 362.71 |
| Westbrook | Wesley | 627.25 |
| White | Paul | 3,158.45 |
| Wiggins, Jr. | Dennis | 1,235.12 |
| Williams | Steven | 3,245.02 |
| Williams | Robert | 125.45 |
| Windley | Farid | 5,661.70 |
| Wiseman | Jeremy | 1,074.89 |
| Woloszyn | Shawn | 708.83 |
| Woodring | Kyle | 10,755.60 |
| Wright | Paul | 2,180.28 |
| Wright | Daniel | 6,742.37 |
| Yates | Randy | 503.03 |
| Ziriax | Robert | 1,047.97 |

EXHIBIT   E

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| DENNIS KOLASA, individually and for others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BOS SOLUTIONS, INC.,<br><br>    Defendant. | CASE NO. 2:17-cv-01087-MPK<br><br><br>JURY TRIAL DEMANDED<br><br><br>CLASS/COLLECTIVE ACTION |
|---|---|

**CONSENT JUDGMENT**

IT IS HEREBY ORDERED, Defendant BOS Solutions, Inc. ("BOS") failed to comply with the payment terms of the Settlement Agreement. Therefore, the Court issues this Judgment in favor of Plaintiff Dennis Kolasa and the Settling Class Members against BOS along with the following findings.

1.    Kolasa filed this class and collective action lawsuit against BOS.

2.    The Court certified this case as a collective action.

3.    Kolasa, the Settling Class Members, and BOS resolved this litigation and the Court previously approved the settlement.  The Settling Class Members are identified in the Court's order approving the settlement.

4.    The Settlement Agreement provided BOS a monthly payment requirement, beginning April 1, 2018.

5.    BOS was required, according to the Settlement Agreement, to pay up to $900,000.00 over nine (9) months, in $100,000.00 installments.

6.    BOS failed to make the requisite payments in accordance with the installment schedule.

7.    Kolasa provided notice to BOS of the default, but BOS failed to cure its non-payment.

8.    Therefore, a judgment is entered against BOS for $[insert amount that is the sum of the unpaid funds at the time of default plus $500,000.00].

IT IS SO ORDERED ON _____.


_____
UNITED STATES DISTRICT COURT JUDGE

AGREED TO BY:

*/s/ Andrew W. Dunlap*
Michael A. Josephson
P.A. Bar No. 308410
Andrew W. Dunlap
Texas Bar No. 24078444
*Admitted Pro Hac Vice*
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com

**AND**

Joshua P. Geist
P.A. Bar No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412)766-0300
josh@goodrichandgeist.com

**AND**

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**

8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

*/s/ Michael J. Muskat*
Michael J. Muskat
TX 24002668
Admitted Pro Hac Vice
**MUSKAT, MAHONY, DEVINE & MOSES, LLP**
1201 Louisiana Street, Suite 850
Houston, Texas  77002
Telephone: (713) 987-7850
Facsimile: (713) 987-7854
mmuskat@mmdmlaw.com

**AND**

Melissa L. Evans
Pa. I.D. No. 85978
**SEGMILLER & ASSOCIATES, P.C.**
Rivertech Centre
3700 South Water Street, Suite 130
Pittsburgh, PA  15203
Telephone: (412) 227-5884
Facsimile: (412) 227-5887
mevans@segmend.com

**ATTORNEYS FOR DEFENDANT BOS SOLUTIONS, INC.**

EXHIBIT   F

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| DENNIS KOLASA, | § | |
| individually and on behalf of all others | § | |
| similarly situated, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 2:17-cv-01087-MPK |
| | § | |
| v. | § | |
| | § | |
| BOS SOLUTIONS, INC., | § | |
| | § | |
| *Defendant.* | § | |

### **[PROPOSED] ORDER OF DISMISSAL AND FINAL JUDGMENT**

On [DATE], the Court approved the parties' settlement. (Doc. ___)  In accordance with the settlement, Class Members (identified in Exhibit A to Plaintiff's Motion for Approval of the Settlement) have received notice of the settlement and an opportunity to participate in the settlement, and settlement payments have been delivered to the participating class members. The parties have filed with the Court a list of the participating class members.  (Doc. ___)

Therefore, the Court HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.     Class Members received a Notice of Settlement explaining the terms and conditions of the settlement.  A Claim Form accompanied the Notice, with the applicable materials sent to each recipient via first class United States Mail and email, at his or her last known address.

2.      The persons identified on Doc. ___ submitted Claim Forms agreeing to be bound by the parties' Settlement Agreement (together, these releasing plaintiffs are the "Settling Class Members").

3.      All Settling Class Members received settlement payments in accordance with the Settlement Agreement.

4.      For the reasons stated in the Court's Order approving the settlement (Doc. ___), based on the above findings, and pursuant to the settlement, all Settling Class Members have released and are permanently barred from prosecuting the "Released Claims" against the "Released Parties" (as defined below).

5.      The "Released Claims" include:  any and all state, local, or federal claims, obligations, demands, actions, rights, causes of action, and liabilities, whether known or unknown, against Defendant and the Released Parties (as defined below) for alleged unpaid overtime compensation, under- or delayed payment of compensation, nonpayment of compensation, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or any other compensation or forms of relief arising under the Fair Labor Standards Act ("FLSA"), the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15, the Pennsylvania Minimum Wage Act, or any other federal, state, or local law, accruing at any time prior to the negotiation of a settlement check.  In addition to the above-described claims, the "Released Claims" include all claims of any kind, whether known or unknown, against Defendant and the Released Parties by named Plaintiff Kolasa.

6.      The "Released Parties" include BOS Solutions, Inc. and its current, former, and future owners, affiliates, investors, parents, subsidiaries, related entities, merged entities,

predecessors, successors, divisions, joint ventures, and assigns, and each of those entities' respective past or present directors, officers, employees, partners, members, employee benefit plan administrators and fiduciaries, trustees, principals, agents, insurers, co-insurers, re-insurers, managers, shareholders, attorneys, and personal or legal representatives, in their individual and corporate capacities. Specifically excluded from the "Released Parties" definition are the staffing companies that provided Class Members to Defendant.

7.     The Court makes no finding or judgment as to the validity of any Released Claim or whether Defendant is liable under the Fair Labor Standards Act, the Ohio Minimum Fair Wage Standards Act, the Ohio Prompt Pay Act, Ohio Rev. Code § 4113.15, the Pennsylvania Minimum Wage Act, or any other law.

8.     The parties are ordered to comply with the terms of the Settlement Agreement.

9.     The claims of the Settling Class Members are hereby ordered dismissed with prejudice, each side to bear its own costs and attorney's fees except as provided by the Settlement Agreement.  The claims of all Class Members who are not Settling Class Members are ordered dismissed without prejudice.

10.     Without affecting the finality of this Order of Dismissal and Final Judgment in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Order and the Settlement Agreement.

IT IS SO ORDERED.

Dated: _____, 2018

_____
**JUDGE PRESIDING**